[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13745

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JULIAN JIMENEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20389-RKA-1

_____

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Julian Jimenez appeals his sentence of 420 months' imprisonment with 5 years' supervised release for interstate stalking, conspiracy to use and carry a firearm in a furtherance of a crime of violence, and discharging a firearm in furtherance of a crime of violence, which was an upward variance from the guideline range of 288–330 months. Jimenez argues that his sentence is substantively unreasonable because the district court ignored relevant sentencing factors under 18 U.S.C. § 3553(a) and did not explain its reasoning for the upward variance. Jimenez also argues that a lesser sentence would have been appropriate to accomplish the objective of the sentencing factors. The sentence imposed by the district court is substantively reasonable due to the district court's weighing each of the § 3553(a) factors, providing a compelling reason for the upward variance, and giving significant weight to the serious nature of the offense, which was a premeditated shooting of the victim. As such, the district court did not abuse its discretion. We accordingly affirm.

## I.

Jimenez and Jaime Serrano conspired to kill Alex Vega. On August 20, 2019, Serrano purchased plane tickets for himself and Jimenez to fly down to Miami, Florida, where Vega lived. On August 21, 2019, Jimenez and Serrano flew on the same American Airlines flight from LaGuardia Airport in New York to Miami

International Airport in Florida. From August 23, 2019, through August 26, 2019, Jimenez and Serrano surveilled Vega at Vega's business and residence. On August 27, 2019, Serrano drove a Nissan Rogue, with Jimenez as the sole passenger, near Vega's residence. Once in the area, Jimenez exited the vehicle with a firearm, eventually putting on a face mask and gloves. Jimenez did so—as he agreed and planned to with Serrano—to shoot and kill Vega. Jimenez was dropped off by Serrano and walked one mile to reach Vega's residence. When Vega drove into his garage, Jimenez approached the vehicle and fired multiple rounds into the vehicle at Vega. Vega was shot but ultimately survived after receiving medical attention. Vega sustained permanent damage to his body as a result of the shooting and surgeries.

At sentencing, the court expressed that it had considered all the § 3553(a) factors in making its sentencing determination. The court stated that it found the nature and severity of the offense to be the most important factor, given that Jimenez had flown from New York to Miami for the sole purpose of murdering Vega "in cold blood." The court stressed that Vega was a stranger to Jimenez, that Jimenez had extensively planned the crime, and that Jimenez had shot Vega when he was at home with his wife and child nearby. The court next addressed Jimenez's history and characteristics. The court stated that, while twenty-three is a young age, Jimenez was old enough to know right from wrong and had ample time to reflect on his actions during the planning of the crime. The court stated that although Jimenez may not have been the mastermind of the crime, he was not less culpable than Serrano

because Jimenez was the one who shot Vega.  The court found that although Jimenez may have cognitive difficulties, those difficulties did not interfere with Jimenez's moral compass and ability to know that what he had done was wrong.  The court found that Jimenez's conduct militated against a reduction compared to other offenses of the same level and criminal history category because Jimenez had acted in a premeditated, deliberate fashion in the attempted murder-for-hire of a stranger.  The court also addressed Jimenez's lack of criminal history, stating that his lack of history was already factored into his guideline range.

The court also considered the need to provide specific deterrence and protect the public from Jimenez, who was willing to agree to murder a stranger.  The court found that the need to provide general deterrence, promote just punishment for the offense, and promote respect for the law supported an upward variance. The court stated that the need to avoid sentencing disparities also supported an upward variance, as many defendants receive high mandatory minimums and lengthy sentences for crimes less severe than a premeditated murder attempt.  Finally, the court stated that Jimenez's acceptance of responsibility by pleading guilty did merit a reduction in the sentence that the court would otherwise have imposed.  After weighing each of the § 3553(a) factors and providing its reasoning as to each factor, the court ultimately sentenced Jimenez to 420 months' imprisonment, which was a 90-month upward variance from the applicable guideline range, and a five-year term of supervised release.  Jimenez timely appealed.

## II.

We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard. *United States v. Al Jaberi*, 97 F.4th 1310, 1322 (11th Cir. 2024). The party challenging the sentence must show that it is unreasonable considering the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The "district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). We will only vacate a sentence based on substantive unreasonableness if left with the "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotation marks omitted).

The district court's sentence "need only be a reasonable one." *Id.* at 1191. The weight given to any of the § 3553(a) factors is left to the district court's discretion, and we will not substitute our own judgment by reweighing these factors. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). A district court imposing an upward variance must offer a "justification compelling enough to support the degree of the variance and complete enough to allow for meaningful appellate review." *United States v.*

*Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).  A court may impose an upward variance that is based primarily on the serious nature of the offense.  *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008) (per curiam).  Further, an upward variance well below the statutory maximum sentence indicates that a sentence is reasonable.  *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021).  The statutory maximum sentence for discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), is life imprisonment.  *Dougherty*, 754 F.3d at 1362 (citing 18 U.S.C. § 924(c)(1)(A)(iii)).

Here, the trial court's upward variance of 90 months is not substantively unreasonable because the court did not abuse its discretion in weighing the § 3553(a) factors.  In weighing the factors, the district court provided its reasoning as to each factor as applied to Jimenez's case.  The court then explained that it was imposing an upward variance primarily due to the nature and seriousness of Jimenez's conduct, which was a premeditated shooting of the victim.  *Williams*, 526 F.3d at 1324.  The court discussed Jimenez's youth, learning disability, and lack of criminal history, and the court also stated its reasoning as to the weight it gave each of those factors.  The court's weighing of the factors was within its discretion, and the court was not required to weigh the factors in the manner that Jimenez desired.  *Kuhlman*, 711 F.3d at 1327; *Dougherty*, 754 F.3d at 1361–62.  We will not substitute our own judgment in weighing the relevant § 3553(a) factors.  *Kuhlman*, 711 F.3d at 1327.  Additionally, the district court's sentence is well below the

statutory maximum of life imprisonment, further indicating that the sentence is reasonable. *Riley*, 995 F.3d at 1278.

Because the trial court considered each of the § 3553(a) factors and provided a sufficiently compelling justification for its upward variance in imposing a 420-month sentence, which is well below the statutory maximum of life imprisonment, the trial court did not abuse its discretion in sentencing Jimenez to an upward variance. We affirm the district court's sentence.

**AFFIRMED.**